Andrew C. MENSING, Petitioner—Appellant,

v.

Mike MAHONEY, Warden, Respondent—Appellee.

No. 04–35607.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Donahoe, Esq., FDMT—Federal Defenders of Montana Helena Branch Office, Helena, MT, for Petitioner–Appellant.

Andrew C. Mensing, Mountlake Terrace, WA, pro se.

Pamela P. Collins, AGMT—Office of the Montana Attorney General, Helena, MT, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Andrew C. Mensing appeals from the district court's order denying his 28 U.S.C. § 2254 habeas petition challenging his state conviction of sexual intercourse without consent in violation of Montana Code Annotated section 45–5–503(1) (1995). We have jurisdiction pursuant to 28 U.S.C. § 2253.

As a preliminary matter, we reject the government's contention that Mensing's federal habeas petition was untimely filed. See 28 U.S.C. § 2244(d)(1)(C).

Citing *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), Mensing argues that his Sixth Amendment right to confrontation was violated when two police officers testified to prior statements made by the victim on the night of the attack. Under the Confrontation Clause, out-of-court testimonial statements are inadmissible unless (1) the declarant is unavailable, and (2) the defendant had a prior opportunity for cross-

examination. *Id.* at 53–59, 124 S.Ct. 1354. Nevertheless, "when the declarant appears for cross-examination at trial, the Confrontation Clause *places no constraints at all* on the use of [her] prior testimonial statements.... The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Id.* at 59, 124 S.Ct. 1354 n. 9 (emphasis added) (citations omitted). Here, the victim *did* testify at Mensing's trial, and Mensing had an opportunity to cross-examine her. Accordingly, the inadmissibility rule of *Crawford* is not implicated. *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

